IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK STEIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | No. 13-CV-4644 |

**MEMORANDUM AND ORDER**

Ditter, J.                                                                                          January 15, 2014

Plaintiff, Mark Stein, has filed a complaint alleging, *inter alia*, that the City of Philadelphia discriminated against him when it denied his application for a "special assembly license" that would permit him to have dancing, live music, disc jockeys and similar entertainment at his restaurant and bar located in the Norther Liberties section of Philadelphia.  The City has filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (Doc. # 3).  For the reasons that follow, I shall grant the motion.

   1. **Factual background**

Stein owns and operates a restaurant and bar named Club Aura that is located at 624-628 N. Front Street, Philadelphia, Pennsylvania.  On March 24, 2011, Stein obtained a "use permit" for the Club that allowed him to use this location as an a restaurant and bar on the first and second floors with "accessory live entertainment . . . with D.J. dancing and stage shows on the first and second floor."  *See Compl.,* Exh. A.  The third floor was

permitted to be used as an office.  The use permit also requires that Stein comply with all other provisions of the City code and ordinances.  The Philadelphia Code requires that establishments seating more that fifty patrons and providing entertainment at one or more times during the year must also obtain a special assembly license.  *See* Philadelphia Code § 9-703(1)-(2).

Stein's application for a special assembly license was denied by the City because of numerous complaints by neighbors about the Club and the objections of local civic associations.  The City's decision was upheld by the City's Board of License and Inspection Review after a public hearing.  Stein contends the City violated his substantive due process rights when it denied his request for a special assembly license.  He also has alleged a claim for tortious interference with his business against the City.

**2. Standard of Review**

The standard of review for a motion to dismiss is well established.  Under Rule 12(b)(6) a complaint may be dismissed for failure to state a claim upon which relief can be granted.  I must accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the non-moving party.  However, recitation of the elements of a cause of action, supported by mere conclusory statements, is insufficient to establish that a claim is plausible.  I may dismiss the complaint only if it is clear that no plausible claim for relief has been raised.

**3. Discussion**

A. Count One - Due Process Claim

To state a substantive due process claim, Stein must show that (1) the government deprived him of a fundamental interest under the Fourteenth Amendment; and (2) the government's action "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Whether the government's conduct shocks the conscience is a question of law for the Court to decide. *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004).

This standard is dependant on the facts of the case, but merely asserting an improper motive is insufficient, even where the motive is unrelated to the merits of the underlying decision. *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003). Applying this heightened standard in a zoning case avoids turning federal courts into "super zoning tribunals." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d. Cir. 2004). In any case, what "shocks the conscience" is only "the most egregious official conduct." *Id.* (quoting *Lewis*, 523 U.S. at 846).

In *Eichenlaub,* the plaintiffs alleged that the township "maligned and muzzled" them, applied standards not applied to similar properties, delayed permits and approvals, improperly increased tax assessments, and pursued unannounced and unnecessary enforcement actions in denying zoning requests.[1]  *Id.* at 286. The Court of Appeals

---

[1] No such conduct by the City is alleged in the complaint.

3

affirmed the trial court's finding that the alleged conduct did not shock the conscience, noting that there were no allegations of corruption, self-dealing, bias against an ethnic group, or additional facts that suggested conscience-shocking behavior. *Id.*; *see also Chainey v. Street*, 523 F.3d 200, 220 (3d Cir. 2008).

For purposes of this motion, the City concedes that the denial of the special assembly license implicates a fundamental right. It contends, however, that Stein has failed to allege a plausible claim that the conduct of the City in denying the club's license was in any way improper, let alone assert circumstances that would shock the conscience.

A review of the complaint in the light most favorable to Stein supports the position of the City. Count One of the complaint recounts the steps taken by Stein to obtain this special license, i.e., plans submitted, permits obtained, and renovations made. Stein asserts that he complied with all statutory requirements necessary to obtain the license sought. There is no claim of any misconduct or malfeasance on the part of the City in this process. Throughout the complaint Stein cites purportedly discriminatory acts and statements made by various individual defendants but none are attributed the City or any agent of the City involved in the licensing process. Instead, Stein contends the City violated his due process rights by crediting the complaints of the neighbors and local civic groups in its permitting decision. There is no allegation that the City itself based the licensing decision on the Club clientele's race or any other improper factor.

This is exactly the sort of federal review of a local zoning dispute the heightened

"shocks the conscience" standard of review is intended to avoid.  In the absence of a specific assertion of discriminatory conduct, self-dealing, bias or other wrongdoing on the part of the City, I cannot conclude that there any facts that have been asserted or that could be found to shock the conscience.  Therefore, this claim must be dismissed.

      B.  Tortious Interference With Business

In Count Eighteen, the Club asserts a claim of tortoius interference with business against all defendants.  The City claims it is immune from such a claim under the Tort Claims Act.  In the absence of a response to this argument by Stein, I shall consider the claim waived and dismiss this count of the complaint as to the City.

      **4. Conclusion**

In sum, Count One is dismissed because Stein has failed to assert conduct on the part of the City that shocks the conscience.  Count Eighteen is dismissed without objection.  Both claims are dismissed with prejudice because any further amendment of the complaint would be futile.

      An appropriate order follows.