IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK STEIN                           :        CIVIL ACTION
                                     :
              v.                     :
                                     :
CITY OF PHILADELPHIA, et al.         :        NO. 13-CV-4644


**MEMORANDUM**

Ditter, J.                                           January 29, 2014

        Plaintiff, Mark Stein, has filed a motion for reconsideration of the December 5,

2013 order granting the dismissal, in whole or in part, of numerous counts of his

complaint.  For the reasons that follow, the motion will be denied.

        1.  Procedural History

        Defendants, Northern Liberties Neighbors Association ("NLNA"), Matt Ruben,

Larry Freedman, David Witz, Judy Donovan, Richard Donovan, James Brossy, and

Debbie Rudman filed a motion to dismiss for failure to state a claim (Dkt. # 4) on

September 9, 2013.  That motion was granted in part and denied in part by the Honorable

Petrese B. Tucker in a memorandum and order filed December 5, 2013.  The case was

then transferred to my docket for all further proceedings.

        Stein seeks the reinstatement of counts V, IX, XIII and XIV.  Each of these counts

was dismissed in its entirety.  He also seeks leave to amend the portions of counts IV,

VII, XI, and XII that were dismissed and count X of the complaint to include additional

allegations of defamatory statements made by defendants, Witz, Ruben, Judy and Richard Donovan, and Freedman.

2. <u>Standard of Review</u>

Although clearly captioned as a motion for reconsideration, Stein sets forth his arguments under Federal Rule of Civil Procedure 60(b).  Perhaps Rule 60(b) relief is sought because such a motion is not under a strict filing deadline – movant is only required to file within a reasonable period of time.  In contrast, a motion for reconsideration would be untimely.[1]  *See Local Rule* 7.1(g) (motion for reconsideration *shall* be filed within 14 days after entry of order).  However, under either standard this motion would be denied.

Rule 60(b) provides for relief from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*See* Fed. R. Civ. P. 60(b).  It is well established that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered

---

[1] As stated above, Chief Judge Tucker's order was entered on December 5, 2014.  Stein's motion for reconsideration was not filed until December 26, 2014, and he offers no explanation for the delay.

2

evidence.  The moving party must set forth one of three grounds: (1) the availability of new evidence not previously available; (2) an intervening change in controlling law; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Disagreement with the court's ruling is not proper grounds for a motion to reconsider.  Furthermore, the court will not consider arguments that go beyond these grounds that are raised for the first time on a motion for reconsideration.

    3.  <u>Discussion</u>

Stein fails to meet any of the grounds for reconsideration or other relief.  For the most part, his motion reasserts facts and legal arguments previously presented to and rejected by Chief Judge Tucker.  It is clear Stein disagrees with Chief Judge Tucker's decision, but that is not cause to disturb it.  He cites no mistake, inadvertence, surprise, or excusable neglect to justify vacating the prior decision.  There is no allegation of fraud or misconduct on the part of the opposing parties.  He cites no change in law or clear error of law or fact in the prior decision.

In an apparent effort to present newly discovered evidence, Stein offers as an exhibit the 374 page transcript of a February 2013 Liquor Control Board hearing that he alleges contains additional defamatory statements made by the defendants, but he fails to cite to any such statements or attribute any statements to specific defendants.  More importantly, he provides no reason for failing to present this testimony in response to the defendants' motion to dismiss.  Finally, this transcript cannot be considered newly

discovered because Stein was present at the hearing and it occurred well before the motion to dismiss was filed.

4.  Conclusion

Stein has failed to point to any error of law or fact in Chief Judge Tucker's December 5, 2013 opinion, and there is no manifest injustice to be avoided.  I must therefore deny his motion for reconsideration.

An appropriate order follows.