IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK STEIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 13-CV-4644 |

**MEMORANDUM OPINION**

Ditter, J.                                                                                                April 7, 2014

Plaintiff, Mark Stein, has filed a motion for relief from my January 15, 2014 order granting the dismissal of all claims against the City of Philadelphia. For the reasons that follow, the motion will be denied.

**1. Procedural History**

As set forth in my prior memorandum, Stein's application for a special assembly license was denied by the City because of numerous complaints by neighbors about the Club and the objections of local civic associations and the local police district. Stein contends the complaints were unfounded, but the City's decision was upheld by the Philadelphia Board of License and Inspection Review after a public hearing, and on appeal to the Court of Common Pleas of Philadelphia.

I granted the City's motion to dismiss after concluding that this was essentially a zoning issue and that Stein failed to assert any facts from which a reasonable juror could conclude that the actions of the City were so egregious that one's conscience would be

shocked.  *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d. Cir. 2004).

## 2. Standard of Review

Stein seeks relief from my order under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides for relief from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*See* Fed. R. Civ. P. 60(b).

## 3. Discussion

Stein fails to meet any of the above-stated grounds for relief.  It is clear Stein disagrees with my decision, but that is not sufficient cause to disturb it.  He cites no mistake, inadvertence, surprise, or excusable neglect to justify vacating the prior decision. There is no allegation of fraud, misrepresentation or misconduct on the part of the City in the filing of the motion to dismiss.  He cites no change in law or clear error of law or fact in the prior decision.  In fact, he offers no discussion of the rule and its applicability to his request.

Instead, Stein rehashes his prior arguments and offers a chart and a number of exhibits that he contends are evidence that he was treated differently from other

restaurants in Northern Liberties areas. These exhibits were not offered in his response to the City's motion to dismiss. If this is supposed to be newly discovered evidence, he doesn't claim so, nor does it appear that it is. More importantly, he offers no reason for failing to present these documents in response to the defendants' motion to dismiss.

Indeed, the crux of his argument remains that "[t]here was simply no proper, legal factor on which the City could have based its denial." *Plt.'s Mem.*, at 8. In other words, "the denial of the Special Assembly license by the Philadelphia Zoning board, and subsequently, Judge Idee Fox was based on unfounded allegations and fabricated concerns after all other conditions of licensure were met." *Id*. This is not cause to revisit my prior decision on this issue.[1]

### 4. Conclusion

Stein has failed to point to any error of law or fact in my January 15, 2014 opinion, and there is no manifest injustice to be avoided. I must therefore deny his motion for reconsideration.

An appropriate order follows.

---

[1] There is no argument presented concerning the dismissal of Count Eighteen so I will not reconsider that part of my prior order.