IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK STEIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | NO. 13-CV-4644 |

**MEMORANDUM OPINION**

Ditter, J.                                                                                                 April 8, 2014

      Plaintiff, Mark Stein, owns and operates Club Aura, a restaurant and bar located in the Northern Liberties section of Philadelphia. Stein has filed a complaint alleging, *inter alia,* that defendant, Sergeant Michael Brennan discriminated against him by "'selectively enforcing' state and local laws against the club." *Comp*. ¶ 66. Sergeant Brennan has filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. # 45). For the reasons that follow, I shall grant the motion but permit the plaintiff an opportunity to amend his complaint.

      **1. Factual Background**

      Club Aura is located at 624-628 N. Front Street, Philadelphia, Pennsylvania. On March 24, 2011, Stein obtained a "use permit" for the Club that allowed him to use this location as a restaurant and bar on the first and second floors with "accessory live entertainment . . . with D.J. dancing and stage shows on the first and second floor." *Compl.*, Exh. A. The third floor was permitted to be used as an office. The use permit also requires that Stein comply with all other provisions of the City code and ordinances.

The Philadelphia Code requires that establishments seating more than fifty patrons and providing entertainment at one or more times during the year must also obtain a special assembly license. *See* Philadelphia Code § 9-703(1)-(2).

Stein's application for a special assembly license was denied by the City because of numerous complaints by neighbors about the Club, and the objections of local civic associations. The City's decision was approved by the City's Board of License and Inspection Review after a public hearing. The denial of this license was upheld by the Court of Common Pleas of Philadelphia County.

During the time Club Aura has been operating, local civic associations and members of the Northern Liberties community had opposed the Club's "social entertainment." *Compl.* ¶¶ 36-40. Stein contends Brennan conducted unfounded and unnecessary inspections during business operations; interrogated patrons and staff; stopped at the Club at least eight times per weekend; and surrounded the premises with police vehicles without proper cause to do so. *Id.* ¶¶ 68-70. Stein contends Brennan's actions were objectively unreasonable, disproportionate to other establishments in the community, calculated to harass and intimidate club patrons, and motivated by racial animus with the intent to drive away its patrons. *Id.* ¶ 73. He has also alleged a claim for tortious interference with his business against Brennan.

### 2. Standard of Review

The standard of review for a motion to dismiss is well established. Under Rule

12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. I must accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the non-moving party. However, recitation of the elements of a cause of action, supported by mere conclusory statements, is insufficient to establish that a claim is plausible. I may dismiss the complaint only if it is clear that no plausible claim for relief had been raised.

**3. Discussion**

A. Count Two – Selective Enforcement

To state a claim that his Equal Protection rights were violated by selective enforcement of the laws of Pennsylvania, Stein must demonstrate the he was treated differently from other similarly situated entities, and that this selective treatment was based on an unjustified standard such as race, to prevent the exercise of a fundamental right. *PG Pub. Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013). To maintain a claim of this type, Stein must provide evidence of discriminatory intent, not just unequal treatment or adverse effect. *Id.* (citing *Jewish Home of E. Pa. v. Ctrs. for Medicare and Medicaid Servs.*, 693 F.3d 35, 363 (3d Cir. 2012)).

Sergeant Brennan contends the complaint is deficient because Stein has failed to allege specific instances where entities similarly situated to Club Aura were treated differently. I agree. The complaint merely states that such instances exist without any

specific example.  The complaint also fails to cite any facts from which a reasonable juror could conclude that Brennan acted with an improper motive.  Many complaints were reported to the police and the police responded.  Brennan also contends he is entitled to qualified immunity for his actions.

Although Stein contends that his complaint is sufficient as drafted, this count merely recites the elements of a selective enforcement claim and is supported by conclusory statements, not assertions of fact – exactly the type of claim Rule 12(b)(6) is meant to address.  In his response to the motion to dismiss, Stein attempts to fill in the blanks.  He sets forth numerous facts not included in the complaint to answer the deficits identified by Brennan.  He includes a chart (and numerous exhibits) listing other businesses in the neighborhood – businesses he contends were treated differently from Club Aura.  He also describes several instances in which Brennan is alleged to have "conducted a reign of terror against Aura." *Plt.'s Mem.* at 4-6.  This conduct includes "barging into the club unannounced, knocking over and threatening staff members, blocking entrances, and unwarranted inspections of the premises." *Id.*  None of these allegations were included in the complaint.

A review of the factual assertions in the complaint against Sergeant Brennan, in the light most favorable to Stein, reveals that the complaint is deficient and that this count should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  The facts alleged are simply that many complaints were made to the police by the neighbors and the

local civic association; including that the Club was operating with a D.J. without the proper license.  The police department, including Sergeant Brennan, responded to the complaints by conducting inspections during business hours.  No arrests were made or fines imposed, but the complaints were considered by the Philadelphia Department of Licenses and Inspections when it denied Stein's application for a special assembly license.

These facts, stripped of the inflammatory and conclusory language of the complaint would not permit a reasonable juror to conclude that Sergeant Brennan was engaged in selective enforcement or that his conduct was based on any discriminatory intent.  Thus, Count Two must be dismissed.

    B.  <u>Count Eighteen - Tortious Interference With Business</u>

In Count Eighteen, Stein asserts a claim of tortious interference with business against all defendants.  He claims that all the defendants "have wrongly and maliciously interfered with the plaintiff's business operations and interests and have deprived, and/or sought to deprive, plaintiff of its ability to conduct normal and lawful business and to generate revenue."  *Compl.* ¶ 233.

Brennan contends this claim must be dismissed because Stein has failed to identify any prospective contractual relationship that was affected.  Stein responds that he "can articulate several situations where actual bookings were unable to come to fruition as a direct result of the police presence."  *Plt.'s Mem*. at 14.  He has not done so.

Again, considering the complaint in the light most favorable to Stein, this claim must be dismissed.

4. **Conclusion**

In sum, Sergeant Brennan is charged in two counts of this complaint.  Count Two is dismissed because Stein failed to assert facts from which a reasonable juror might conclude that Sergeant Brennan's conduct could be found to violate the Equal Protection clause.  Count Eighteen is dismissed for failure to allege any facts from which a juror might conclude that an actual contractual relationship was interfered with by Brennan's conduct.[1]

However, based on the more specific factual allegations set forth in his response to the motion to dismiss, I shall permit Stein to amend these two counts of the complaint.

An appropriate order follows.

---

[1] I reserve judgment on whether Brennan would be immune fro such a claim under Pennsylvania's Tort Claims Act.  42 Pa. Cons. Stat. § 8541 *et seq*. I also reserve judgment on whether Brennan would be entitled to qualified immunity.